## Commonwealth v. Angle

*Leon Schwartz*, for petitioner.

JONES, J., January 27, 1934.—This is a petition to strike off a bail forfeiture. Defendant was arrested on a charge of fraud and entered bail before the alderman in the sum of $2,000 for his appearance at the next term of court, the petitioner, James A. McKane, becoming bail. Subsequently, defendant was indicted

and, after trial, was found guilty of fraudulent conversion, and the court forfeited the bail, to be respited upon the defendant's appearance the following week.

Defendant appeared, and the court, being informed that defendant had paid $250 on account of the funds converted, directed that the balance of $750 be paid within 12 months in sums of not less than $100 per month, bail to be forfeited and respited when the entire amount was paid.

This is a petition on the part of the bail to strike off the forfeiture, upon the ground that petitioner did not undertake any civil or other liability, except as expressed in his recognizance.

The liability of bail rests upon the terms and conditions of the obligation. In this case, the recognizance requires that the defendant "shall be and appear at the next court of quarter sessions to be holden in and for said county and not depart the court without leave." The defendant did appear as required and did not depart until the court permitted him to leave, under certain conditions not required by the recognizance. Defendant was released for 12 months, conditioned upon his paying monthly instalments on account of the money embezzled.

Therefore, the nature and extent of defendant's recognizance was affected in such a way as to result in an increase of risk and liability upon the bail, who agreed that he would appear at the next court of quarter sessions and not at the end of any stated period, such as 12 months.

The bail, being placed in a situation which materially changes the legal nature of his obligation, is entitled to relief, and therefore the forfeiture of the bail is stricken off and the bail is discharged from any liability thereunder.

From Frank P. Slattery, Wilkes-Barre, Pa.